# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL BRENNAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOICE SEARCH LOCAL LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Brennan ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Voice Search Local, LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, including through investigation of counsel, as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and its implementing regulations ("TCPA"), and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

2. To promote its goods and services, Defendant engages in harassing unsolicited telemarketing in violation of the TCPA and FTSA.

3. As alleged herein, Defendant repeatedly violated the TCPA and/or the FTSA by (1) placing multiple unsolicited telemarketing calls to Plaintiff and the members of the proposed Class (the "Class," defined below) while their phone numbers were registered on the national do-not-call ("DNC") registry, without prior express written consent; and (2) by continuing to place such

telemarketing calls to Plaintiff and the Class members even after they had clearly requested to not receive further calls.

4. Through this action, Plaintiff seeks an injunction against Defendants continuing and future violations of the TCPA and the FTSA, as well as an award of statutory damages to Plaintiff and the Class.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367, as the FTSA claims form part of the same case or controversy as Plaintiff's claims under the TCPA.

7. This Court has personal jurisdiction over Defendant because Defendant is a Florida corporation with its principal place of business in Florida. Moreover, this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed the unlawful calls at issue from Florida to Plaintiff's cellular telephone, and Plaintiff received such messages while residing, and physically present, in Port Saint Lucie, Florida.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is deemed to reside in this district, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

9. Plaintiff is a natural person and, at all relevant times, was a resident of St. John County, Florida.

10. Defendant is a Florida Corporation with its principal place of business in Orange County, Florida.

## FACTUAL ALLEGATIONS

11. To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing to telephone numbers registered on the National Do Not Call Registry without consent, and Defendant routinely ignores requests from call recipients to not receive further calls.

12. At all relevant times, Plaintiff was the subscriber of a cellular telephone number ending in 8416.

13. Plaintiff's number has been registered on the National DNC Registry since April 20, 2024.

14. On or about July 3, 2024, Defendant, or its agents or other third parties directed and/or controlled by Defendant, or otherwise acting on Defendant's behalf, placed *eleven* unsolicited telemarketing calls to Plaintiff's number promoting the sale of Defendant's goods or services, without express consent.

15. Eight of Defendant's unsolicited calls on that date to Plaintiff came from telephone number 239-579-4161, which is a number that is owned or controlled by Defendant.

16. Two of Defendant's unsolicited calls to Plaintiff on that date came from telephone number 239-203-2054, which is a number that is owned or controlled by Defendant.

17. One of Defendant's unsolicited calls to Plaintiff on that date came from telephone number 223-279-6372, which is a number that is owned or controlled by Defendant.

18. Discovery will show that Defendant placed many other such calls without consent to Plaintiff during the Class Period, as well as to other Class members.

19. On the first call Plaintiff received from Defendant, Plaintiff requested to not receive further calls from Defendant.

20. Defendant ignored Plaintiff's clear opt out request and continued to bombard Plaintiff with unsolicited calls, including eleven times on July 3, 2024, alone, as noted above.

21. Plaintiff has no existing business relationship with Defendant.

22. Defendant's calls messages introduce an advertisement and constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

23. Plaintiff never provided Defendant with prior express written consent, or any consent, to receive telemarketing calls to his telephone number that is registered on the national DNC registry.

24. Even if, *arguendo*, Plaintiff had consented to receive Defendant's telephone solicitations and automated messages (which he did not), Plaintiff would have revoked any such purported consent when he requested to not receive further calls.

25. Defendant's failure to honor Plaintiff's optout request strongly suggests that Defendant (1) does not have a written policy for maintaining an internal do not call list, as required by 47 U.S.C. § 64.1200(d)(1); (2) does not inform and train its personnel engaged in telemarking on the existence and use of any internal do-not-call list, as required by Section 64.1200(d)(2); and (3) does not maintain a record of a consumer's request not to receive further calls, as required by Section 64.1200(d)(6).

26. Defendant's harassing telemarketing campaign caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

27. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

**The DNC Registry Class**: All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received two or more calls in any 12-month period (2) by or on behalf of Defendant (3) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (4) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days.

**The TCPA Internal DNC Class**: All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) made a request to not receive telemarketing by Defendant; but (2) received two or more calls in any 12-month period (3) by or on behalf of Defendant (4) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

**The FTSA Internal DNC Class**: All persons in the State of Florida who, between July 1, 2021, through the date of class certification (1) received a call (2) regarding Defendant's property, goods, and/or services (3) after they communicated that they do not wish to receive an outbound telephone call from Defendant.

28. The proposed Classes defined above are collectively referred to as the "Classes" or, at times, the "Class."

29. Plaintiff reserves the right to expand or narrow the definitions of each Class following discovery.

30. Excluded from the Class is Defendant and its employees and agents.

31. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

32. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

   a. Whether Defendant called Plaintiff and the Class while their telephone numbers were registered on the national DNC registry;

   b. Whether Defendant called Plaintiff and the Class after they made a request to not receive further calls;

   c. Whether Defendant had adequate processes and protocols in place to prevent calling persons who made a request to not receive further calls;

   d. Whether Defendant's calls constitute "telephone solicitations" under the TCPA;

   e. Whether Defendant can meet its burden of showing that it had express written consent;

   f. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

   g. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

34. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class

action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

35. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

### COUNT 1

**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Registry Class)**

37. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

38. The TCPA establishes a national DNC registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

39. The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

40. A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of … property, goods, or services, which his transmitted to any person," but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." § 64.1200(f)(15).

41. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). § 227(c).

42. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiff and the members of the TCPA DNC Registry Class while their respective telephone numbers were registered on the National DNC Registry.

43. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

44. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* § 227(c)(5)(A).

45. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each violation of the TCPA. *See* § 227(c)(5)(B).

46. Because Defendant knew or should have known that it was contacting numbers on the national DNC registry without consent, Defendant's violations of the TCPA were willful or knowing.

47. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* § 227(c)(5)(C).

**COUNT 2**

**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA Internal DNC Class)**

48. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Count, as if fully set forth herein.

49. Under the FCC regulations promulgated under and actionable through the TCPA:

> No person or entity shall ***initiate any call for telemarketing purposes*** to a residential telephone subscriber ***unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity***. The procedures instituted must meet the following minimum standards:
>
> **(1)** *Written policy*. Persons or entities making…calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel*. Personnel…engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> **(3)** *Recording, disclosure of do-not-call requests*. If a person or entity making…any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the

subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not- call request. A person or entity making…any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

\* \* \*

**(6)** *Maintenance of do-not-call lists.* A person or entity making…any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d) (emphasis added).

50. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227] may" bring a private action. 47 U.S.C. § 227(c)(5).

51. Plaintiff and the TCPA Internal DNC Class members made requests to Defendant to not receive future calls.

52. Defendant failed to honor Plaintiff's and the TCPA Internal DNC Class members' opt-out requests.

53. Defendant's failure to honor Plaintiff's opt-out request strongly suggests that Defendant does not comply with requirements of Section 64.1200(d) to (1) maintain the required

written policies; (2) provide adequate training to its personnel engaged in telemarketing; (3) maintain an internal do-not-call list; and (4) honoring opt-out requests.

54. Because Defendant does not comply with the requirements of Section 64.1200(d), Defendant violated Section 64.1200(d) every time it "initiate[d] *any call* for telemarketing purposes."

55. As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

56. Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* § 227(c)(5)(A).

57. Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each violation of the TCPA. *See* § 227(c)(5)(B).

58. Because Defendant knew or should have known that it was initiating calls for telemarketing purposes without having the procedures in place to record and honor opt out requests that Section 64.1200(d) requires, Defendant's violations of the TCPA were willful or knowing.

59. Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* § 227(c)(5)(C).

**Count 3**

**Violations of the FTSA, § 501.059(5)**
**(On Behalf of Plaintiff and the FTSA Internal DNC Class)**

60. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Counts, as if fully set forth herein.

61. The FTSA provides that "[a] person may not initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not

wish to receive an outbound telephone call, text message, or voicemail transmission:…Made by or on behalf of the seller whose goods or services are being offered[.]" § 501.059(5).

62. Plaintiff is, and at all times relevant was, a "called party" as defined by Section 501.059(1)(a) in that Plaintiff was the regular user of the cellular telephone number that received Defendant's telephonic sales calls.

63. Defendant is, and at all times relevant was, a "person" within the meaning of Fla. Stat. § 501.059(1)(i).

64. Defendant placed calls to Plaintiff and the FTSA Internal DNC Class from Florida, or otherwise directed the messages to be sent from Florida.

65. Plaintiff and the FTSA Internal DNC Class members communicated to Defendant that they do not wish to receive an outbound telephone call from Defendant.

66. Defendant's continued calls to Plaintiff and the FTSA Internal DNC Class members after they made such requests violate Section 501.059(5).

67. Plaintiff and the FTSA Internal DNC Class are entitled to an award of statutory damages of $500 per violation the FTSA. § 501.059(10)(a).

68. Plaintiff and the FTSA Internal DNC Class are entitled to an award of statutory damages of $1,500 for each willful violation of FTSA. § 501.059(10)(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for the following relief:

A. An Order certifying the Classes, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA and the FTSA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

E. An award to Plaintiff and the Class of attorneys' fees and costs of this action.

F. An injunction requiring Defendant to stop placing unsolicited calls to Plaintiff the Class.

G. Such further and other relief as the Court deems necessary.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated: August 9, 2024

Respectfully submitted,

**GOLD LAW, PA**

*/s/ Chris Gold*
Chris Gold
Florida Bar No. 088733
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Classes*